IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF ALABAMA

RECEIVED
2005 JUN 17 A 9: 35

UNITED STATES OF AMERICA, )
)
    Plaintiff/Respondent, )
)
-vs- )  CA. 1:05CV585-A
)  Case No. 1:97-CR-00215-001
)
RUSSELL LAMAR GRANT, )
)
    Defendant/Petitioner. )
)
_____)

PETITIONER'S MOTION TO MODIFIED AND
TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO 28 USC.§3582

    **COMES NOW** Russell Lamar Grant, the petitioner, in the above case, hereby herein submit the above motion upon the Honorable Court without undersigned counsel, respectfully request this court to grant the above motion in its entirety pursuant to Title 28 U.S.C.§3582.

**BACKGROUND**

    Petitioner Russell Lamar Grant and others were named in a six count indictment filed the Middle District of Alabama grand jury on or about September 24, 1997. Count one charged petitioner with knowingly and intentionally to conspire with others to possess with intent to distribute cocaine base, in violation of 21 U.S.C.§846.

    Count two charged petitioner with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841.

-[1]-

Count three through fourt charged petitioner with knowingly and intentionally possess with intent to distribute cocaine base, in violation of 21 U.S.C. §841. Count 5 &6 charged petitioner with possession with intent to distribute cocaine base, in violation of 21 U.S.C.§841, and aiding and abetting, in violation of 18 U.S.C.§2.

On or about February 17, 1998, petitioner Grant along with counsel stood before the Honorable Court during a change of plea proceeding and change his plea from not guilty to guilty. And was sentenced by the Honorable Court to 188 months imprisonment.

Petitioner Grant contends that his sentence was enhanced from category I to II insofar as to the presentencing report finding due to three police's affidavits.

The first police's affidavits that the court took into consideration was for distributing a controlled substance as a juvenile. The second police's affidavit that the court considered was obstructing government function, and the third police's affidavit that the court considered was for reckless endangerment.

Petitioner argues that the sentencing court relied upon the police's report without any others documents and facts to determine whether petitioner's crime offenses were for a socalled generic or non-generic violations. See **Shepard v. United States**, 544 U.S.-,161 L.Ed.2d 205,125 S.Ct.(2005), **Taylor v. United States** 495 U.S.575,599, 109 L.Ed.2d 607 (1990).

However, under **Taylor**, the Supreme Court held that a sentencing court may look to the statutory elements, charging document and jury instructions to determine whether an earlier conviction after trial was for generic burglary.

Although, under **Shepard**, the Court held that the question before the Court was whether a sentencing court could look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary. The Court held that the district courts may not look to police's report to make its fact finding.

Petitioner Grant pleaded guilty for conspiracy and possession with intent to distribute cocaine base, in violation of 21 U.S.C. §846 and §841. At sentencing the district court relied on a police's report to raise petitioner's sentence range from 135 to 168 months under the United States Sentencing Guidelines to 188 months, due to three prior convictions entered upon by the petitioner under Alabama state statute.

In the present case, the offenses charged in the state complaints that the PSR listed were broader than the generic term and there were of course no jury instructions that might have narrowed the charges to the generic limit.

Petitioner argues that the only account of what occurred as to each of his prior convictions came from an affidavit of a police's report that the presentencing report listed.

Petitioner Grant argues that none of the details listed in the police's complaint was ever mentioned at his pleas, and that the reports themselves were never read to him by the sentencing court during his plea colloquy, and that at no time was he ever asked if the information contained in the PSR was true.

Therefore, petitioner Grant argues that his sentence was based upon three police's report affidavits stating facts that the petitioner never admitted to.

The Court held in **Almendarez-Torres**, like **Taylor**, that these cases has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that **Almendarez-Torres** was wrongly decided. And that innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of **Almendarez-Torres**, despite the fundamental imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury and beyond a reasonable doubt requirements.

Petitioner now assert that **Shepard** was made retroactived in accordance to Justice O'Connor who stated that the ruling today by my colleagues is based upon a substantive and not a procedural change in the law under the watershed doctrine of **Teague v. Lane**, 489 U.S.288, 103 L.Ed.2d 334 (1989).

Thus, the Court's ruling in **Shepard** did not announce a new rule of law, but was merely an application of the principle that

governed the Court decision in an earlier case. **Id. at 307, 109 S. Ct. at 1073 (quoting Yates v. Aiken, 484 U.S. 211 (1988).** Nevertheless, the second **Teague** exeception is reserved for watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding. **Sawyer v. Smith, 497 U.S. 227 (1990).**

Therefore, to fit within the second exeception, a new rule must do more than improve the accuracy of the trial, it must alter the understanding of the bedrock procedural elements to the fairness of a proceeding as the Court held in **Shepard**. Here, in the present case, **Shepard** does represent one of the watershed rules envisioned by **Teague**. And retroactivity does apply.

## CERTIFICATION OF SERVICE

I, the petitioner, Russell Lamar Grant hereby herein certify that a true and correct copy of the foregoing pleading has been served upon the Office of the Clerk, for the district court, for the Middle District of Alabama, 15 Lee Street, P.O. Box 711, Montgomery, Alabama 36101, by the delivery of the United States Postage Service, this _14_ day of June 2005.

RESPECTFULLY SUBMITTED

/S/RUSSELL LAMAR GRANT
F.R.N. 10084-002
F.C.I. MEMPHIS
P.O. BOX 34550
MEMPHIS, TN 38184