IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05cv585-WHA |
| | ) | WO |
| RUSSELL LAMAR GRANT | ) | |

**O R D E R**

This action is before the court on a pleading styled as "*Petitioner's Motion to Modif[y] and to Correct an Illegal Sentence Pursuant to [18] U.S.C. § 3582*," filed by federal inmate Russell Lamar Grant ("Grant") on 14 June 20005.[1]  (Doc. # 1.)   By this motion, Grant asks this court to reduce his 1998 sentence for various controlled substance offenses on the basis of the Supreme Court's recent decision in *Shepard v. United States*, ___ U.S. ___ , 125 S.Ct. 1254 (2005).

Grant purports to file the instant motion under 18 U.S.C. § 3582.  Section 3582(c)(1)**(A)** authorizes the court to modify a term of imprisonment under certain circumstances "*upon motion of the Director of the Bureau of Prisons*."   See § 3582(c)(1)(A)(i) and (ii) (emphasis added).  However, because the Director of the Bureau

---

[1] Although Grant's pleading is date stamped "received" on 17 June 2005, the pleading was signed by Grant on 14 June 2005.  The law is settled that a pro se inmate's petition is deemed filed on the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [Grant's pleading] was delivered to prison authorities the day [he] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing and without any contradictory evidence, the court assumes that 14 June 2005 should be considered the date of filing for Grant's pleading.

of Prisons has filed no motion for reduction of sentence in this case, Grant cannot utilize the provisions § 3582(c)(1)(A) as a vehicle to challenge his sentence.

Section 3582(c)(1)**(B)** authorizes the court to modify a term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Grant does not suggest any statutory provision that expressly permits modification of his sentence. Fed.R Crim.P. 35, allows the court to correct a sentence that "resulted from arithmetical, technical, or other clear error" within seven days after such sentencing error, *see* Rule 35(a), or to reduce a sentence "[u]pon the government's motion," based upon a defendant's providing "substantial assistance in investigating or prosecuting another person[,]" *see* Rule 35(b). Grant does not set forth any allegations indicating how the provisions of Rule 35 might apply in his case. Thus, § 3582(c)(1)(B) does not afford him a vehicle to challenge his sentence.

Section 3582(c)**(2)** specifically applies only to a "case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)....*" (Emphasis added.) Because the Sentencing Commission has not lowered the sentencing range involved in Grant's case, the language of this subsection does not apply here.

The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979). The remedy afforded

by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A). *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

Consequently, the claims Grant now seeks to advance may be presented properly only in a 28 U.S.C. § 2255 motion. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). **Accordingly, the court concludes that Grant's pleading should be construed as a *motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.***

**In light of the foregoing, and in accordance with *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 792 (2003), the court hereby advises Grant of its intention to re-characterize his pleading as a § 2255 motion.** The court **cautions** Grant that such re-characterization will render this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Grant is **cautioned** that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable

to post-conviction motions.[2]

It is further

**ORDERED that on or before 8 March 2006**, Grant shall advise this court whether he seeks to:

1. Proceed before this court on those claims presented in his motion filed 14 June 2005 (Doc. # 1);

2. Amend this motion to assert any additional claims on which he wishes to challenge the convictions and sentences imposed upon him by this court; or

3. Dismiss the motion.[3]

Grant is advised that if he fails to file a response in compliance with this order, this cause will proceed as an action under 28 U.S.C. § 2255, and the court will consider only those claims presented in the motion filed on 14 June 2005.

Done this 21st day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

[3] Grant is **cautioned** that any § 2255 motion filed with this court, including the instant motion, must be filed within the applicable one-year period of limitation.