IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | 1:05cv585-WHA |
| ) | |
| RUSSELL LAMAR GRANT ) | |

**O R D E R**

On 17 June 2005, the movant, RUSSELL LAMAR GRANT ["Grant"], filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in which he challenges the sentence imposed upon him by this court in 1998 for violations of various federal controlled substance laws.[1]  Upon review of Grant's motion, the undersigned concludes that a limited response from the government is necessary to determine whether Grant is now time-barred from filing the instant action.  Accordingly, the CLERK is hereby DIRECTED to serve a copy of Grant's § 2255 motion upon the United States Attorney for the Middle District of Alabama.  The United States Attorney is

ORDERED to file a response to Grant's motion within thirty (30) days from the date of this order addressing the following matters:

1.   The applicability of the one-year period of limitation in this case
     pursuant to the provisions contained in 28 U.S.C. § 2255.

---

[1] Grant styles his pleading as "*Petitioner's Motion to Modif[y] and to Correct an Illegal Sentence Pursuant to [18] U.S.C. § 3582.*"  (Doc. # 1.)  Although he seeks to utilize 18 U.S.C. § 3582 to challenge his sentence, a review of his claims indicates that the relief he seeks is appropriate only under the remedy provided by 28 U.S.C. § 2255.  In accordance with *Castro v. United States*, 540 U.S. 375 (2003), this court advised Grant, in an order entered 21 February 2006 (Doc. # 2), of its intention to re-characterize his pleading as a § 2255 motion.  Grant failed to file a response in compliance with that order.

2. Grant's claim that the Supreme Court's holding in *Shepard v. United States*, 544 U.S.13 (2005), is retroactively applicable to this collateral proceeding.

The government is advised that its response should contain a detailed procedural history, all relevant records, and citations to applicable case law from which the court can determine the applicability of the limitation period contained in 28 U.S.C. § 2255 and assess Grant's claim that *Shepard* is retroactively applicable to this proceeding. Should the government's response to the instant order indicate that this case must proceed on the merits, the government will be given an adequate opportunity to file a response addressing the claims presented in Grant's § 2255 motion.

Done this 27th day of March, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE