IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:05cv585-WHA-VPM |
| | ) | (197cr215-001) |
| RUSSELL LAMAR GRANT, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and, in compliance with this Court's order to show cause, responds to Defendant/Movant Russell Lamar Grant's Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On September 24, 1997, a grand jury for the Middle District of Alabama returned a six-count indictment against Defendant/Movant Russell Lamar Grant ("Grant").  See Exhibit A, the Indictment.  Count 1 of the indictment charged that, from October 1, 1996 through September 11, 1997, within the Middle District of Alabama, Grant, together with his co-defendants Willis Russell Grant and Cecil Chambers, conspired to distribute cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Counts 2 through 6 charged that Grant, either individually or by aiding and abetting his co-defendants, distributed cocaine base on various dates within the time frame of the conspiracy.

On November 26, 1997, this Court conducted a hearing during which Grant entered a guilty plea to Count 1 of the indictment.  On February 18, 1998, Grant's plea agreement was filed

in this Court during the course of his sentencing hearing. (Doc. #70.) The United States dismissed Counts 2 through 6 of the indictment, and this Court sentenced Grant to serve 157 months in prison. See Exhibit B, a copy of the Judgment in this case.

Grant appealed his to the United States Court of Appeals for the Eleventh Circuit. The docket sheet shows that the Eleventh Circuit affirmed the judgment of this Court on May 3, 1999. See Exhibit C, Criminal Docket for Case #1:97cr215-1.

Grant filed a Motion to Vacate, Set Aside or Correct Sentence on June 17, 2005. On March 27, 2006, this Court entered an Order directing the United States to respond within thirty days. The Order instructed the United States to address the applicability of the one-year period of limitation contained in § 2255 motion, and whether Shepard v. United States, 544 U.S.13, (2005) applies retroactive to cases on collateral review. The United States now files this response to the Court's Order.

## II.  RESPONSE TO COURT'S INQUIRIES

**A.    Grant Has Not Met The One-Year Statute Of Limitations Deadline For
         The Filing of Claims Under 28 U.S.C. § 2255**.

Grant has not filed his motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which allows a movant to file a § 2255 motion within one year from "the date on which the judgment of conviction became final." See 28 U.S.C. § 2255(6).

The Eleventh Circuit Court of Appeals has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir. 2002). The Eleventh Circuit affirmed Grant's conviction and sentence on May 3, 1999. That

began a 90-day period of time to petition for certiorari review.  Close v. United States, 336 F.3d 1283, 1286 (11th Cir. 2003).  Grant's 90 days expired on August 1, 1999, and this is the date on which his conviction became final.  His failure to file a § 2255 motion within one year of this date renders this motion untimely under § 2255 ¶ 6(1).  This Court must therefore dismiss his motion as untimely.

**B.    The Shepard Decision Is Not Retroactively Applicable to Cases on Collateral Review.**

Grant's motion asserts that he is entitled to have his sentence reviewed under Shepard v. United States, 544 U.S.13 (2005), which ruled that a sentencing court must consult a charging document, terms of a plea agreement, a transcript of colloquy between judge and defendant, or some comparable judicial record, when determining facts related to predicate felonies under the Armed Career Criminal Act ("ACCA").  The holding in Shepard was "a new rule for the conduct of criminal prosecutions . . . to be applied retroactively to all cases, state or federal, pending on direct review or not yet final . . . ."  United States v. Mastera, 435 F.3d 56, 60 n.6 (1st. Cir. 2006).  Grant's conviction was final and no longer pending in August of 1999, more than five years before the announcement of the Shepard decision in 2005.  Thus, Shepard is not applicable to his case.  See Exhibit D, Hayes v. United States, 2006 WL 744312 at *3 (E.D.Mo. March 22, 2006) (holding that Shepard is not retroactively applicable to cases where conviction was final prior to decision.)

Thus, while the United States does not address the factual accuracy of Grant's claims under Shepard, it asserts that he is not entitled to benefit from that decision solely on procedural grounds.  Even if the facts of his case were reviewable under Shepard, it is not retroactively

applicable to cases on collateral review. Therefore, his claims should be dismissed on procedural grounds.

### III. A HEARING IS NOT NECESSARY IN THIS MATTER

Grant has not met the requirements of the limitations period set forth in § 2255 ¶ 6(1) due to his filing this motion on June 17, 2005, more than five years after his conviction became final. Further, the legal basis asserted for review of his sentence is not retroactively applicable to cases on collateral review. Therefore, he has not established any basis for a hearing of the issues raised in his motion. The United States stands ready to address any additional issues which this Court may order.

### IV. CONCLUSION

For the above reasons, Defendant/Movant Russell Lamar Grant's § 2255 motion should be summarily dismissed as untimely.

Respectfully submitted this 25th day of April, 2006.

/s/ K. David Cooke
K. DAVID COOKE
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
david.cooke@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:05cv585-WHA-VPM |
| | ) | (197cr215-001) |
| **RUSSELL LAMAR GRANT,** | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have mailed by United States Postal Service the document to the following non-CM/ECF participant: Russell Lamar Grant, #10084-002, FCI Memphis, P.O. Box 34550, Memphis, TN 38184.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY


    /s/ K. David Cooke
    K. DAVID COOKE
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    david.cooke@usdoj.gov