IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv585-WHA |
| | ) | [WO] |
| RUSSELL LAMAR GRANT | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. # 4)

addressing, *inter alia*, the applicability of the period of limitation to the motion to vacate

under 28 U.S.C. § 2255 filed by federal inmate RUSSELL LAMAR GRANT ["Grant"] on

17 June 2005.  In its response, the government argues that Grant's motion is barred by the

one-year period of limitation applicable to motions filed under 28 U.S.C. §2255.  *See* § 105

of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1]  Specifically, the

government contends that Grant's conviction for conspiracy to distribute cocaine base

became final on 1 August 1999 – 90 days after entry of the appellate court's judgment

affirming the conviction – and that the instant § 2255 motion was filed well after expiration

of the one-year period of limitation.  *See 25 April 2006 Response of United States* (Doc. #

4) at 2-3.  In addition, the government argues that there is no merit to Grant's claim that

*Shepard v. United States*, 544 U.S. 13 (2005), is retroactively applicable to his case or other

cases on collateral review.  *Id*. at 3-4.

---

[1]"Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins

from the latest date of

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Grant was convicted on 26 November 1997 and was sentenced on 18 February 1998.

*See 25 April 2006 Response of United States* (Doc. # 4) at 1-2. He appealed to the Eleventh

Circuit Court of Appeals, and on 3 May 1999, that court affirmed his conviction and

sentence. *See id.*, Exhibit 4. Grant did not petition the United States Supreme Court for a

writ of certiorari. Under the directives of 28 U.S.C. § 2255, then, his conviction became final

on 1 August 1999 – 90 days after entry of the appellate court's judgment affirming the

conviction.[2] Thus, Grant had until 1 August 2000 to file a timely § 2255 motion. The instant

§ 2255 motion was not filed until 17 June 2005.

As indicated above, 28 U.S.C. § 2255 directs that in those cases where the alleged

___

[2]When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

"right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court ...."  Grant maintains that the Supreme Court's holding in *Shepard v. United States*, 544 U.S. 13 (2005), constitutes a new rule of law and should be applied retroactively to his case.  However, the government argues that *Shepard* is not retroactive to cases on collateral review and therefore does not apply to the instant proceedings.  *See 25 April 2006 Response of United States* (Doc. # 4) at 3-4. Further, it does not appear that any of § 2255's other exceptions to application of the limitation period are applicable in this case.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Grant's filing his motion to vacate.  Accordingly it is

ORDERED that on or before 17 May, 2006, Grant shall show cause in writing why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA and for the other reasons stated in the government's response.

Done this 25th day of April, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE