IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF ALABAMA

UNITED STATES OF AMERICA, )
)
    Plaintiff/Respondent, )
)
-vs- )
) Case No. 1:05-CV-585-WHA-VPM
RUSSELL LAMAR GRANT, ) (197-CR-215-001
)
    Defendant/Petitioner. )
)
_____ )

**PETITIONER'S RESPONSE IN OPPOSE TO
UNITED STATES RESPONSE REQUESTING THE HONORABLE COURT
TO DENY PETITIONER'S MOTION TO VACATE OR SET ASIDE**

    **COMES NOW**, the petitioner, Russell Lamar Grant submit this petition upon the Honorable Court without the aid of undersigned counsel, in response to the government's petition, requesting the Honorable Court to deny said petition to vacate or set aside pursuant to 28 U.S.C. §2255.

    Petitioner argues that after viewing the government's response to his petition to vacate or set aside, the government's argument fall so short, because it not in accordance to the law at hand, because the Supreme Court held in **U.S v. Dodd, 162 L.Ed.2d 343, 125 S.Ct. 2478 (2005)**, that a defendant has up until one year to submit a petition upon the district, when it the Supreme Court recognized the issue a right.

-[1]-



Petitioner argues that the Supreme Court recognized **Shepard v. United States**, 544 U.S. 13,(2005) as a right in March of 2005, petitioner has until March of 2006, to assert his **Shepard** claim upon the district court, therefore, the government's argument is without merit.

The second argument must also fell, because the government alleged that **Shepard** is not retroactively citing **Hayes v. United States**, 2006WL.744312 at*3 (E.D.Mo. March 22, 2006).

The government use **Hayes** as its supporting foundation, but the government failed to realize that **Shepard** is not a new rule of criminal procedure, but a new substantive rules which narrow the scope of a criminal conduct, which generally apply retroactively. Whereas, new procedural rules generally do not apply retroactively unless the rule if of watershed.

Petitioner argues that **Shepard** changed the second phase of **Taylor, at 495 U.S.at 601**, which **Taylor** allowed the sentencing court to consider documents such as complaint applications or police reports, in contrast, the Supreme Court held in **Shepard** that the sentencing court may not considered such documents, therefore, **Shepard** is not a new rule of procedural, but is a new substantive rules which in fact narrow the scope of the criminal conduct of **Taylor**, in which the court may no longer consider to determine is a defendant is a armed career criminal or a career criminal. Moreover, this could take judicial notice which Congress have invested on this court and make **Shepard** retroactively if it deem to do so.

-[2]-

## CERTIFICATION OF SERVICE

I, the petitioner, Russell Lamar Grant hereby herein certified that a true and correct copy of the foregoing pleading has been served upon the interested parties listed below, by the delivery of the United States Postage Service, this 26 day of May, 2006.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**OFFICE OF THE CLERK**
15 Lee Street, P.O. Box 629
Montgomery, AL 36101

**U.S. JUSTICE DEPARTMENT**
Assistant U.S. Attorney
K. David Cooke
Post Office Box 197
Montgomery, AL 36101-0197

RESPECTFULLY SUBMITTED

X /s/ RUSSELL LAMAR GRANT
F.R.N. 10084-002
F.C.I. MEMPHIS
P.O. BOX 34550
MEMPHIS, TN 38184