IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. 1:05cv585-WHA |
| | ) | (WO) |
| RUSSELL LAMAR GRANT | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  FACTS and PROCEDURAL HISTORY**

Russell Lamar Grant ("Grant") was convicted in this court of conspiracy to distribute cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) and 846. On February 18, 1998, Grant was sentenced to 157 months' imprisonment. He appealed, and on May 3, 1999, the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. Grant did not petition the United States Supreme Court for certiorari review.

On June 14, 2005 (Doc. No. 1), Grant filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] In his motion, Grant argues that his sentence is unconstitutional under the holding of *Shepard v. United States*, 544 U.S. 13 (2005). In *Shepard*, the Supreme Court held that in determining whether a conviction is a violent felony under 18 U.S.C. § 924(e), a court may not look beyond "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial

---

[1] Although Grant's § 2255 motion was date-stamped "received" in this court on June 17, 2005, this court, under the "mailbox rule," deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, June 14, 2005, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

record of this information." *Id*. at 26. In reliance on *Shepard*, Grant maintains that the trial court unconstitutionally relied on police affidavits when determining that Grant's prior state convictions subjected him to an increased sentence.

Pursuant to the orders of this court, the United States filed a response to Grant's motion to vacate, in which the government argues that the motion is barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[2] With regard to the limitation period, the government contends that Grant's conviction became final on August 1, 1999 – 90 days after entry of the appellate court's judgment affirming the conviction – and that the instant § 2255 is untimely because it was filed well after expiration of the one-year period of limitation. Grant was afforded an opportunity to respond to the government's submissions and has done so. After due consideration and upon review of the motion, the pleadings, and the record, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, Grant's motion should be denied.

## II. DISCUSSION

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

---

[2] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

By operation of law, Grant's conviction became final on August 1, 1999, upon expiration of the 90-day period to file a petition for certiorari with the United States Supreme Court..[3] Thus, Grant had until August 1, 2000 to file a timely § 2255 motion. The motion in this case was filed on June 14, 2005, well beyond the one-year period of limitation.

As indicated above, 28 U.S.C. § 2255 directs that in those cases where the alleged "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court ...." Grant contends that his claim under *Shepard v. United States* qualifies as newly recognized right that should be applied retroactively to his case.[4]

---

[3] When a defendant does not file a petition for certiorari with the United States Supreme Court, a conviction becomes "final" for purposes of 28 U.S.C. § 2255 upon expiration of the 90-day period for seeking certiorari review. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

[4] *Shepard* was decided on March 7, 2005, long after Grant's conviction became final.

3

While the Eleventh Circuit has not addressed *Shepard*'s retroactivity, several other courts have done so and have unanimously concluded that *Shepard* is not retroactive to cases on collateral review. In denying a certificate of appealability, the Third Circuit stated that there was no issue for appeal because "*Shepard* has not been made retroactive by the Supreme Court." *United States v. Armstrong*, 151 Fed. Appx. 155, 157 (3rd Cir. 2005). The Fourth Circuit denied a motion for authorization to file a second or successive § 2255 motion, stating that the movant seeking review of his sentence under *Shepard* had not asserted a claim based on "a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review."[5] *United States v. Davis*, 133 Fed. Appx. 916 (4th Cir. 2005).

This Court agrees that *Shepard* is not retroactive to cases on collateral review. First, the Supreme Court has not given any indication that *Shepard* applies retroactively. Second, *Shepard* established at most a new procedural rule.[6] However, it did not establish a "watershed rule of criminal procedure" that implicates the fundamental fairness and accuracy of criminal proceedings. *See Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004) (new rule of criminal procedure must amount to a "watershed change" in order to apply retroactively).

---

[5] District courts have also unanimously concluded that *Shepard* relief is not retroactively available through a first-time § 2255 motion. *See Sock v. United States*, 2006 U.S. Dist. LEXIS 26004 (D.Me. Mar. 27, 2006) (collecting cases).

[6] The Eleventh Circuit has stated that *Shepard* "was not a constitutional decsion," but rather merely resolved a question of statutory interpretation. *See United States v. Cantellano*, 430 F.3d 1142, 1146-47 (11th Cir. 2005).

The Supreme Court in *Shepard* interpreted an already existing rule regarding what a court may look to when sentencing under the Armed Career Criminal Act. *See Blewett v. United States*, 2006 WL 2375605 (W.D.Ky., Aug. 14, 2006). Thus, Grant's claim under *Shepard* does not entitle him to benefit from § 2255's exception to the limitation period for newly recognized rights made retroactively applicable to cases on collateral review.

Further, it does not appear that any of § 2255's other exceptions to application of the limitation period are applicable in this case. The government has not prevented Grant from filing an earlier § 2255 motion, nor has Grant submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction. Under the circumstances of this case as outlined herein, the one-year period of limitation of 28 U.S.C. § 2255 expired prior to Grant's filing of his § 2255 motion in this court.

The limitation period "may be equitably tolled" on grounds apart from those specified in the statute if there are "extraordinary circumstances" presented by the movant which warrant an "equitable tolling" of the limitation period. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). This court entered an order allowing Grant an opportunity to show cause why his § 2255 motion should not be barred from review by this court. Specifically, Grant was advised that he failed to file the motion within the one-year limitation period established by 28 U.S.C. § 2255. On June 1, 2006 (Doc. No. 7), Grant filed a response to the court's order; however, in that response, Grant does not assert any matters

5

to indicate the existence of "extraordinary circumstances" which might warrant an equitable tolling of the limitation period in his case.

Grant does argue in his response that his § 2255 motion – and the *Shepard* claim contained within – is timely under the Supreme Court's holding in *Dodd v. United States*, 545 U.S.353 (2005).[7] In *Dodd*, the Supreme Court stated that a petitioner has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file a § 2255 motion pursuant to ¶ 6(3) of that statute. *Id*. at 357-58. However, the Supreme Court held that a petitioner cannot take advantage of this date unless the other conditions of this statute are also met; that is, not only must the right be newly recognized but it must *also* have been made retroactively applicable to cases on collateral review. *Id*. Grant's reliance on *Dodd* is misplaced, because *Shepard* has not been made retroactively applicable to cases on collateral review. Thus, the limitation period in Grant's case began to run when his conviction became final and not when *Shepard* was decided by the Supreme Court.

Based on the foregoing, the court finds that there is nothing before this court to indicate the existence of "extraordinary circumstances" which warrant an equitable tolling of the limitation period. The court further concludes that grant fails to show cause why his § 2255 motion should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion

---

[7]Grant argues that he had until March 2006 – one year after *Shepard* was decided – to file a § 2255 motion asserting a timely *Shepard* claim.

to vacate pursuant to 28 U.S.C. § 2255 be denied and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 28, 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of November, 2006.

                                      /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE